UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X
AGUSTIN GONZALEZ ROSETE,
Individually, On Behalf of All Others         Case No. 15- CV- 5200
Similarly Situated and as Class
Representative,
                                              **COMPLAINT**
               Plaintiff,

       -vs-

MET FOODMARKETS, 642 VEGS. &
MEAT CORP., 642 VEGS. & MEAT CORP.
d/b/a MET FOODMARKETS, JOSE
MEDINA, and ASAEL MEDINA,

               Defendants.
----------------------------------X

       Plaintiff, AGUSTIN GONZALEZ ROSETE, by and through his attorneys, ROSS & ASMAR LLC, complaining of the Defendants, hereby alleges as follows:

### THE PARTIES

       1.     Plaintiff AGUSTIN GONZALEZ ROSETE, (hereinafter "Valencia") is an individual residing in Bronx, New York.

       2.     Upon information and belief, Defendant MET FOODMARKETS was and is a domestic corporation whose principal place of business is located at 649 Jackson Avenue, Bronx, NY 10455.

       3.     Upon information and belief, Defendant 642 VEGS. & MEAT CORP. was and is a domestic corporation whose principal place of business is located at 642 Westchester Avenue, Bronx, NY 10455.

       4.     Upon information and belief, Defendant 642 VEGS. & MEAT CORP. d/b/a MET FOODMARKETS was and is a domestic corporation whose principal place of business is located at 642 Westchester Avenue, Bronx, NY 10455.

1

5.  Defendants MET FOODMARKETS, 642 VEGS. & MEAT CORP., and 642 VEGS. & MEAT CORP. d/b/a MET FOODMARKETS hereinafter collectively referred to as "Met Foodmarkets."

6.  Upon information and belief, Defendant JOSE MEDINA, (hereinafter "JM") is an individual whose actual place of business is located at 649 Jackson Avenue, Bronx, NY 10455.

7.  Upon information and belief, at all times herein pertinent, Defendant JM served as a principal, officer and/or manager of Met Foodmarkets.

8.  Upon information and belief, Defendant ASAEL MEDINA, (hereinafter "AM") is an individual whose actual place of business is located at 649 Jackson Avenue, Bronx, NY 10455.

9.  Upon information and belief, at all times herein pertinent, Defendant AM served as a principal, officer and/or manager of Met Foodmarkets.

10. Upon information and belief, for the calendar year 2012 the gross receipts of Met Foodmarkets were greater than $500,000.00.

11. Upon information and belief, for the calendar year 2013 the gross receipts of Met Foodmarkets were greater than $500,000.00.

12. Upon information and belief, for the calendar year 2014 the gross receipts of Met Foodmarkets will be greater than $500,000.00.

## CLASS ALLEGATIONS

13. Plaintiff sues on his own behalf and on behalf of a class of persons under Rule 23 of the Federal Rules of Civil Procedure.

14. Plaintiffs bring this Class action on behalf of all persons employed by defendants as cashiers, butchers, food preparers, cooks, kitchen helpers, delivery workers, dishwashers, cleaners and other similar titles at any time after July 2, 2009 or earlier as may be ordered by the Court due

to equitable tolling, to the present (the "class period") who: (a) were not paid minimum wage; (b) were not paid overtime premium pay for all hours worked in excess of forty (40) per workweek; (c) were not compensated for all hours worked; and (d) were not paid one hour's pay at the basic minimum hourly wage rate for every day they worked in which the "spread of hours" for that day exceeded ten hours.

15. The employees in the Class identified above are so numerous that joinder of all members is impracticable. Although the precise number of such employees is unknown, and facts on which the calculation of that number are presently within the sole control of defendants, upon information and belief, there are believed to be sufficient members of the Class during the class period. There are questions of law and fact common to the Class that predominates over any questions affecting only individual members. The claims of the representative party are typical of the claims of the Class.

16. The representative party will fairly and adequately protect the interests of the Class. A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against defendants.

17. There are questions of law and fact common to this Class which predominate over any questions solely affecting individual members of the Class, including:

(a) Whether defendants failed to compensate plaintiff and his similarly situated co-workers for all hours worked within the meaning of the NYLL;

(b) Whether defendants failed to pay plaintiff and his similarly situated co-workers overtime premium pay for hours worked in excess of forty (40) per workweek within the meaning of the NYLL; and,

(c) Whether defendants failed to pay plaintiff and his similarly situated co-workers the "spread of hours" pay.

## JURISDICTION AND VENUE

18. Jurisdiction is based upon 28 U.S.C. § 1331, insofar as it involves a statute of the United States, specifically, the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq., and Plaintiff relies upon 28 U.S.C. § 1367 to invoke supplemental jurisdiction with respect to the state law claims which form another basis for recovery upon the same factual nexus, specifically Articles 6 & 19 of the Labor Law and 12 NYCRR § 142-2.2 and 12 NYCRR § 142-2.4.

19. Venue is based upon 28 U.S.C. § 1391(b)(1), insofar as at least one of the Defendants resides within this Judicial District, and (b)(2), insofar as a substantial part of the events giving rise to the within causes of action occurred in this Judicial District.

## FACTUAL ALLEGATIONS

20. At all times herein pertinent, the Defendants, and each of them, were engaged in an industry having an effect on commerce within the meaning of 29 U.S.C. § 203.

21. At all times herein pertinent, and in the course of their duties, Plaintiff and his similarly situated coworkers regularly handled products which had been moved in commerce.

22. Met Foodmarkets operates as a supermarket.

23. Plaintiff was employed by the Defendants from on or about November 2009 and continues to work for Defendants.

24. Plaintiff was assigned various duties including but not limited to cashier, butchering, cooking and food prep, cleaning and dishwashing.

25. Plaintiff works 7 days a week. Plaintiff works, at a minimum, from 7:00AM to 9:00PM every day.

26. Defendants use a time punch system, however, Plaintiff is directed by Defendants to punch out and to continue working, and on some days is directed not to punch in at all.

27. Plaintiff was initially compensated approximately $640 per week. Plaintiff's rate has increased to $700 per week where it remains.

28. Plaintiff regularly worked for the Defendants in excess of forty (40) hours a week but never received an overtime premium of one and one half times his regular rate of pay for those hours. Plaintiff was also never compensated an additional hour's pay at the prevailing State minimum wage for his spread of hours.

29. The Defendant JM had the power to hire employees, and hired Plaintiff on or about November 2009.

30. The Defendants JM and AM controlled the terms of Plaintiff's employment in that each would tell him what tasks to complete and on what time frame they needed to be completed.

31. Upon information and belief, the Defendants JM and AM controlled the work schedule of all of the employees of Met Foodmarkets, including the Plaintiff's work schedules.

32. Upon information and belief, the Defendants JM and AM controlled the rates and methods of payment of each of the employees of Met Foodmarkets, including the Plaintiff's pay rates and methods of pay.

33. At all times herein pertinent, the Plaintiff performed his duties for Met Foodmarkets Defendants at the direction and under the control of Defendants JM and AM.

34. Upon information and belief, and at all times herein pertinent, Defendants JM and AM exercised close control over the managerial operations of Met Foodmarkets including the policies and practices concerning employees.

35. At all times herein pertinent, Defendants JM and AM controlled the terms and

conditions of employment, supervised employees, made decisions as to hiring and firing and as to wages with respect to the employees of Met Foodmarkets in general, and with respect to the Plaintiff in particular.

36. At all times herein pertinent, Defendants JM and AM acted as Plaintiff's employers within the meaning of the FLSA and the New York State Labor Law.

*AS AND FOR A FIRST CAUSE OF ACTION*
*FEDERAL FAIR LABOR STANDARDS ACT*
*AGAINST THE DEFENDANTS, AND EACH OF THEM*
*(MINIMUM WAGE)*

37. The Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

38. Defendants failed to pay the applicable minimum hourly rate in willful violation of 29 U.S.C. § 206(a) and § 255(a).

39. Plaintiff and the putative class members have been damaged in an amount to be determined at trial.

*AS AND FOR A SECOND CAUSE OF ACTION*
*NEW YORK MINIMUM WAGE ACT*
*AGAINST THE DEFENDANTS, AND EACH OF THEM*
*(MINIMUM WAGE)*

40. The Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

41. Defendants willfully failed to pay plaintiff at the applicable minimum hourly rate in violation of the NYLL.

42. Plaintiff and the putative class members have been damaged in an amount to be determined at trial.

*AS AND FOR A THIRD CAUSE OF ACTION*
*FEDERAL FAIR LABOR STANDARDS ACT*

<i><u>AGAINST THE DEFENDANTS, AND EACH OF THEM</u></i><br><i>(OVERTIME)</i>

43. The Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

44. All of the foregoing constituted willful and repeated violations of the Fair Labor Standards Act, so the applicable statute of limitations is three years pursuant to 29 U.S.C. § 255(a).

45. The Defendants herein knowingly and willfully violated 29 U.S.C. § 207 by failing to pay Plaintiff overtime pay at the premium rate of one and one half times Plaintiff's regular rates of pay.

46. Plaintiff and the putative class members have been damaged in an amount to be determined at trial.

<i><u>AS AND FOR A FOURTH CAUSE OF ACTION</u></i><br><i><u>STATE WAGE AND HOUR LAW</u></i><br><i><u>AGAINST THE DEFENDANTS, AND EACH OF THEM</u></i><br><i>(OVERTIME)</i>

47. The Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

48. The Defendants herein knowingly and in bad faith violated Articles 6 & 19 of the New York State Labor Law and 12 NYCRR § 142-2.2 by failing to pay Plaintiff overtime pay at the premium rate of one and one half times Plaintiff's regular rate of pay.

49. Plaintiff and the putative class members have been damaged in an amount to be determined at trial.

<i><u>AS AND FOR A FIFTH CAUSE OF ACTION</u></i><br><i><u>NEW YORK STATE LABOR LAW</u></i><br><i><u>AGAINST THE DEFENDANTS, AND EACH OF THEM</u></i><br><i>(SPREAD-OF-HOURS & SPLIT-SHIFT PAY)</i>

50. The Plaintiff hereby incorporates all preceding paragraphs of this complaint with the

same force and effect as if fully set forth at length.

51. The Defendants herein knowingly, willfully and in bad faith violated Articles 6 & 19 of NYLL, and more particularly 12 NYCRR § 142-2.4, by failing to pay Plaintiff one additional hour of pay at the prevailing minimum wage for each day during which there was a split shift and/or the spread of hours exceeded 10 hours.

52. Plaintiff and the putative class members have been damaged in an amount to be determined at trial.

*AS AND FOR A SIXTH CAUSE OF ACTION*
*NEW YORK STATE LABOR LAW*
*AGAINST THE DEFENDANTS, AND EACH OF THEM*
*(FAILURE TO PROVIDE WAGE NOTICE)*

53. The Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

54. Defendants failed to provide wage notices and accurate wage statements as required by NYLL § 195.

55. Plaintiff and the putative class members have been damaged in an amount to be determined at trial.

**WHEREFORE,** Plaintiff prays for judgment as against the Defendants, and each of them, as follows:

  (a) designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the pendency of this action, and permitting them promptly to file consents to be plaintiffs in the FLSA claims in this action;
  (b) certifying this action as a class action under Rule 23 of the Federal Rules of Civil Procedure pursuant to Rule 23 for all putative class members for applicable claims under NYLL;
  (c) designating plaintiff as representative of the Rule 23 Class and counsel of record as Class counsel;
  (d) directing defendants to compensate plaintiff and his similarly situated co-workers for all hours worked at the minimum wage;

(e) directing defendants to pay overtime premium pay to the Plaintiff and his similarly situated co-workers;
(f) directing defendants to pay "spread-of-hours" & split-shift pay to the Plaintiff and his similarly situated co-workers;
(g) directing defendants to provide the required wage notices;
(h) awarding Plaintiff and the Class damages for the amount of unpaid wages, including overtime premiums and spread of hours pay under the FLSA and/or NYLL
(i) awarding Plaintiff and the Class liquidated damages pursuant to 29 U.S.C. § 216(b) and/or New York State's Labor Law, Articles 6 & 19, §§ 198(1-a), 663(1);
(j) declaring defendants' conduct complained of herein to be in violation of the plaintiff's and the Class' rights as secured by the NYLL;
(k) awarding plaintiff and the Class pre-judgment interest;
(l) awarding the costs and disbursements of this action, along with reasonable attorney's fees pursuant to 29 U.S.C. § 216(b) and/or New York State's Labor Law, Articles 6 & 19, §§ 198(1-a), 663(1);
(m) awarding injunctive and any other relief this Court deems just, proper and equitable.

Dated: New York, New York
       July 2, 2015

Respectfully submitted,

_____
By: Steven B. Ross, Esq. (SR 5059)
steven@rossasmar.com
Eric Dawson, Esq. (ED 0610)
edawson@rossasmar.com
Ross & Asmar LLC
499 Seventh Avenue
23rd Floor South Tower
New York, NY 10018
(212) 736-4202

9

(e) directing defendants to pay overtime premium pay to the Plaintiff and his similarly situated co-workers;
(f) directing defendants to pay "spread-of-hours" & split-shift pay to the Plaintiff and his similarly situated co-workers;
(g) directing defendants to provide the required wage notices;
(h) awarding Plaintiff and the Class damages for the amount of unpaid wages, including overtime premiums and spread of hours pay under the FLSA and/or NYLL
(i) awarding Plaintiff and the Class liquidated damages pursuant to 29 U.S.C. § 216(b) and/or New York State's Labor Law, Articles 6 & 19, §§ 198(1-a), 663(1);
(j) declaring defendants' conduct complained of herein to be in violation of the plaintiff's and the Class' rights as secured by the NYLL;
(k) awarding plaintiff and the Class pre-judgment interest;
(l) awarding the costs and disbursements of this action, along with reasonable attorney's fees pursuant to 29 U.S.C. § 216(b) and/or New York State's Labor Law, Articles 6 & 19, §§ 198(1-a), 663(1);
(m) awarding injunctive and any other relief this Court deems just, proper and equitable.

Dated: New York, New York
       July 2, 2015

Respectfully submitted,

_____
By: Steven B. Ross, Esq. (SR 5059)
steven@rossasmar.com
Eric Dawson, Esq. (ED 0610)
edawson@rossasmar.com
Ross & Asmar LLC
499 Seventh Avenue
23rd Floor South Tower
New York, NY 10018
(212) 736-4202

To:
MET FOODMARKETS
649 Jackson Avenue
Bronx, NY 10455

642 VEGS. & MEAT CORP.
642 Westchester Avenue
Bronx, NY 10455

642 VEGS. & MEAT CORP. d/b/a
MET FOODMARKETS
642 Westchester Avenue
Bronx, NY 10455

JOSE MEDINA
649 Jackson Avenue
Bronx, NY 10455

ASAEL MEDINA
649 Jackson Avenue
Bronx, NY 10455